## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, on behalf<br>of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:19-MC-0086 RLW |
| | ) |
| LED CRAFT, INC., LED SIGN<br>EXCHANGE, LLC, and DOES 1-10, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MELISSA CARLILE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Scott Dolemba's Motion to Compel deponent

Melissa Carlile ("Ms. Carlile") to respond to questions presented to her at her subpoenaed

deposition regarding location information for Jack Hogrebe ("Mr. Hogrebe"). The deposition

pertains to a cause of action pending in the United States District court for the Northern District

of Illinois, *Scott Dolemba v. LED Craft, Inc., et al.*, Case No. 1:18-cv-07235. According to

Plaintiff Scott Dolemba ("Plaintiff"), Ms. Carlile was served with a subpoena for testimony and

production of documents. She appeared at a deposition on October 10, 2019. She was not

represented by counsel and did not produce the requested documents. Upon questioning by

Plaintiff's counsel, Ms. Carlile refused to answer questions providing location information for

Mr. Hogrebe, the principal and owner of Defendant LED Sign Exchange, LLC.

Plaintiff now seeks to compel Ms. Carlile to appear again for a deposition to testify under

oath regarding the location of Mr. Hogrebe. Plaintiff avers Ms. Carlile has information pertaining

to Mr. Hobrebe's location, as social media posts reveal she and Mr. Hogrebe are or were in a relationship. Counsel for Plaintiff further certifies Ms. Carlile refused to answer questions seeking the location of Mr. Hogrebe and did not claim any legal privilege for such refusal. Counsel states she and Ms. Carlile were unable to reach an accord.

> Under Rule 37 of the Federal Rules of Civil Procedure:
>
> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). Further, although the litigation is pending in another district, Ms. Carlile resides in this district, and Plaintiff seeks to depose Ms. Carlile in this district. Rule 37 states, "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Thus, the motion is properly before this Court.

Upon review of the motion, the Court is satisfied Ms. Carlile failed to answer or otherwise disclose location information pertaining to Mr. Hogrebe. The Court is also convinced Plaintiff tried, but was unable, to reach an accord with Ms. Carlile without Court action. The Court therefore grants Plaintiff's motion to compel and orders Ms. Carlile to appear again for a deposition and answer questions under oath regarding location information for Mr. Hogrebe. The time and place for such deposition shall be provided by Plaintiff. The Court cautions Ms. Carlile that failure to comply with this Order may result in a finding that she is in contempt of court. *See* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

Accordingly,

2

**IT IS HEREBY ORDERED** Plaintiff's Motion to Compel (ECF No. 1) is **GRANTED**

consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order

via regular mail and UPS to Melissa Carlile, 178 Hughes Lane, St. Charles, MO 63301.

Dated this 13th day of January, 2020.

_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**